### MASON v. UNITED STATES.

### No. 10999.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 2, 1951.

Decided Nov. 8, 1951.

Bernard I. Nordlinger, Washington, D. C., (appointed by this court), for appellant.

Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time of argument, and Cecil R. Heflin and Joseph M. Howard, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Charles M. Irelan, appointed U. S. Atty., Washington, D. C., subsequent to the argument in this case, also entered an appearance for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges

PER CURIAM.

Appellant was convicted of rape. 22 D. C. Code § 2801 (1940). He moved the trial court, under 28 U.S.C. § 2255, to vacate sentence. The court granted the motion, with concurrence of the prosecuting attorney, but later rescinded the action and denied the motion. This appeal follows.

A careful consideration of the whole record leaves us in serious doubt that appellant enjoyed, in a full sense, due process of law, U.S.Const.Amend. V, especially as regards the right to effective assistance of counsel, U.S.Const.Amend. VI, Glasser v. United States, 1942, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; United States v. Wight, 2 Cir., 1949, 176 F.2d 376; Johnson v. United States, 1940, 71 App.D.C. 400, 110 F.2d 562, and the right to testify in his own behalf, 18 U.S.C. § 3481.[1] Deprivation of those fundamental

---

1. 18 U.S.C. § 3481 (Supp. IV, 1951): "In trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him. (June 25, 1948, ch. 645, § 1, 62 Stat. 833. eff. Sept. 1, 1948.)"

rights goes to the essence of a fair trial and may be reviewed in this proceeding under § 2255. See Meyers v. United States, 1950, 86 U.S.App.D.C. 320, 181 F.2d 802, certiorari denied 1950, 339 U.S. 983, 70 S.Ct. 1030, 94 L.Ed. 1387, and cases cited.

We conclude that the order denying the motion should be set aside; that the sentence should be vacated, and that a new trial should be granted. It is

So ordered.