**Lester L. JACKSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15292.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 19, 1959.

Decided Dec. 10, 1959.

Mr. William B. Bryant, Washington, D. C., with whom Messrs. William C. Gardner and Joseph C. Waddy, Washington, D. C., were on the brief, for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before Mr. Justice BURTON, retired,[*] and WASHINGTON and DANAHER, Circuit Judges.

## PER CURIAM.

Appellant was convicted on four counts of a nine count indictment. His written confession stated that he and two co-defendants and a fourth person had been involved in housebreaking, assault with intent to commit robbery, assault with a dangerous weapon and similar serious charges. The four at night on December 12, 1958 had entered the house of a local contractor intending to rob him. Testimony at the trial showed that the police, forewarned, had deployed themselves about the premises where after an exchange of shots one robber lay dead, two were wounded and the fourth, our appellant, according to his confession, escaped.

The main issue here relates to appellant's written confession, obtained in the following manner. Arrested in Maryland at 5 A.M. on December 14, 1958, appellant was returned to the District of Columbia and locked up about 6 A.M. A detective soon talked with him about one half hour, obtaining "leads" for later use in questioning the appellant. After a noon "lineup," appellant was brought to the offices of the robbery squad about 1:30 P.M. He was questioned by various officers over the next hour and twenty minutes until he made certain admissions of guilt.

The United States Attorney's office was then advised about 3:05 P.M. that Jackson had confessed. No attempt whatever was made to arraign the appellant until after the police had secured his admissions, indeed the detective in charge of the interrogation testified that he had no basis for making up a "fact sheet" for the court until he had secured the admissions. Appellant was given a preliminary hearing at 4:35 P.M. before

---

[*] Sitting by designation pursuant to 28 U.S.C. § 294(a).

.a Municipal Court judge who advised him of his rights, including his right to remain silent. He was committed. Thereafter the marshal took the appellant, not to the jail, but back to the robbery squad offices, where at 5:05 P.M. he signed a written confession prepared on the basis of his earlier oral admissions. At the trial the United States Attorney over appellant's objection was permitted to introduce this written confession.

 The testimony of the officers discloses that the failure to arraign the appellant and his continued illegal detention throughout the day were "for the very purpose of securing these challenged confessions." [1]

The oral admissions secured before the hour of the preliminary hearing were thus inadmissible. But the Government argues that the confession signed after judicial caution had been imparted was competent. The Government's position is untenable.[2] The police frankly admitted they lacked sufficient evidence upon which to arraign the appellant. Clearly he had been

> "taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging statements to support the arrest and ultimately his guilt.[3]
>
> \* \* \* \* \* \*
>
> "Not until he had confessed, when any judicial caution had lost its purpose, did the police arraign him." [4]

Jackson's signing of the document cannot in any way be considered an independent act based upon proper counsel or as occurring after time for deliberate reflection.[5] Rather, the signature was obtained as a result of a purposeful process of inquiry undertaken during a period of unlawful detention. Therefore, the challenged confession should have been excluded.

Reversed.

1. Upshaw v. United States, 1948, 335 U.S. 410, 414, 69 S.Ct. 170, 93 L.Ed. 100.

2. Cases upon which it relies are distinguishable on their facts. Cf. Heideman v. United States, 1958, 104 U.S.App.D.C. 128, 259 F.2d 943, certiorari denied 1959, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767; Porter v. United States, 1958, 103 U.S.App.D.C. 385, 258 F.2d 685, certiorari denied 1959, 360 U.S. 906, 79 S.Ct. 1289, 3 L.Ed.2d 1257; Metoyer v. United States, 1957, 102 U.S.App.D.C. 62, 250 F.2d 30.

3. Mallory v. United States, 1957, 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

4. Id. at page 455, 77 S.Ct. at page 1359; cf. Trilling v. United States, 1958, 104 U.S.App.D.C. 159, 260 F.2d 677.

5. Cf. United States v. Bayer, 1947, 331 U.S. 532, 541, 67 S.Ct. 1394, 91 L.Ed. 1654; Tyler v. United States, 1951, 90 U.S.App.D.C. 2, 193 F.2d 24, certiorari denied 1952, 343 U.S. 908, 72 S.Ct. 639, 96 L.Ed. 1326.