**UNITED STATES**

**v.**

**Airman First Class Michael C. GAINES, FR406–15–7029, United States Air Force.**

**ACM 24672.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Nov. 1984.

Decided 16 May 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Timothy J. Malloy and Captain Raymond J. Hardy, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Donal F. Hartman, Jr. and Major Robert E. Ferencik, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

Tried by a general court-martial, the accused was found guilty of a larceny of $1100 from the locker of his dormitory roommate and thereafter subscribing, under oath, a false statement to the security police in which statement he denied the theft, in violation of Articles 121 and 134, UCMJ, 10 U.S.C. §§ 921, 934.

At trial the appellant moved to suppress his confession to the theft which he provided to an Air Force Office of Special Investigations (AFOSI) agent, averring the confession was involuntary. After the military judge denied the motion, the appellant informed the court he intended to litigate the issue of voluntariness before the court members. In conjunction with this announcement, he made a motion *in limine*, seeking to prevent the government from presenting any evidence of, or even mentioning the existence of, a polygraph examination which was administered to appellant immediately preceding his inculpatory confession to the AFOSI agent. The appellant argued it would be possible to litigate voluntariness of the confession without making any reference to the polygraph or its results. The trial counsel disagreed and

the military judge denied the motion. The military judge further stated he would limit the information the trial counsel could provide the court members to the fact that the AFOSI agent administered a polygraph examination and subsequently informed the appellant he had failed the exam. Accordingly, the agent was not permitted to testify as to any of the specifics about the examination or its results. Furthermore, prior to the agent's testimony, the military judge gave the court members a limiting instruction in which he informed them: 1) they were not to consider evidence about the polygraph on the issue of the appellant's guilt or innocence; 2) the actual results of the exam were inadmissible and should not be considered by them for any purpose; 3) the fact that appellant was told he failed the exam should only be considered for the proposition that that is what he was told and they should not speculate as to whether he did, indeed, fail it; and, 4) they could consider the polygraph evidence which was to be admitted only with regard to the voluntariness of the appellant's confession. The appellant now challenges the correctness of the military judge's ruling.

■ By way of background, military courts, paralleling a civilian tradition, have long prohibited evidence of polygraph results from being presented to the triers of fact on the ultimate issue of guilt or innocence. *United States v. Helton,* 10 M.J. 820 (A.F.C.M.R.1981). *Frye v. United States,* 293 Fed. 1013 (App.D.C.1923). As with any rule, however, exceptions have been carved out. One of those exceptions provides for the admission before a trial court of the testimony of a polygraph examiner where the purpose of the testimony is to show the voluntariness of the accused's confession which followed the examination, rather than to reflect the truthfulness of the statements made to the examiner. *United States v. Driver,* 35 C.M.R. 870 (A.F.B.R.1965), *pet. denied,* 35 C.M.R. 478 (1965). A similar exception has earned respect in civilian criminal courts as well. *United States v. Kampiles,* 609 F.2d 1233 (7th Cir.1979); *United States v. Little Bear,* 583 F.2d 411 (8th Cir.1978); *Tyler v.*

*United States,* 90 U.S.App.D.C. 2, 193 F.2d 24, *cert. denied,* 343 U.S. 908, 72 S.Ct. 639, 96 L.Ed. 1326 (1952); *see generally annot.* Admissibility of Polygraph Evidence at Trial on Issue of Voluntariness of Confession Made by Accused, 92 ALR 3rd 1317 (1979). The general philosophy supporting such an admission is that it is important for the jury to weigh every motivating circumstance surrounding the eliciting of a confession and that this function outweighs the importance of any possible prejudice from a reference to its use. A further limitation is that the court members should be admonished not to speculate about the polygraph results as they relate to the guilt or innocence of the accused, but they may draw any logical inferences from this information solely as to the question of whether the polygraph induced an involuntary confession. *Driver, Kampiles, Little Bear,* all *supra.*

■ In the case before us, when the appellant chose to challenge the voluntariness of his post-polygraph confession before the court members, the government then correctly perceived that it was essential for the court members to consider all relevant facts surrounding that confession. As such, they concluded that the fact that prior to the oral confession the appellant was told the polygraph examination indicated he was being deceptive or untruthful when he denied taking $1100 from his roommate was an integral part of the voluntariness issue. Accordingly the military judge then properly permitted the government to introduce this limited polygraph evidence and then appropriately instructed the court members that the evidence was admitted solely on the question of whether the confession was voluntary.

Concluding that the military judge did not err in admitting the evidence in question, the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and SNYDER, Judge, concur.